[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 26, 2009
THOMAS K. KAHN
CLERK

No. 08-12764
Non-Argument Calendar

_____

D. C. Docket No. 07-00221-CR-ORL-31-KRS

UNITED STATES OF AMERICA,

Defendant-Appellant,

versus

ROBERT D. POWERS,

Plaintiff-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 26, 2009)

Before BLACK and MARCUS, Circuit Judges, and QUIST,* District Judge.

PER CURIAM:

---

*Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

Defendant Robert D. Powers was indicted for failing to register as required by the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16913, in violation of 18 U.S.C. § 2250(a). Powers moved to dismiss the indictment, and, after hearing argument, the district court declared 18 U.S.C. § 2250 facially unconstitutional, dismissed the indictment, and ordered Powers released. *United States v. Powers*, 544 F. Supp. 2d 1331, 1336 (M.D. Fla. 2008). On appeal, the Government argues the district court erred in holding 18 U.S.C. § 2250(a) facially unconstitutional as an invalid exercise of Congress's Commerce Clause power.

In *United States v. Ambert*, __ F.3d __, No. 08-13139, 2009 WL 564677 (11th Cir. March 6, 2009), this Court held both the registration provisions set forth at 42 U.S.C. § 16913 and the failure to register offense set forth at 18 U.S.C. § 2250(a) do not violate the Commerce Clause. *Id*. at *8-9. We concluded § 2250 falls within Congress's power to regulate "both the use of channels of interstate commerce and the instrumentalities of interstate commerce." *Id*. at *8. We also concluded "the requirement that sex offenders register under § 16913 is necessary to track those offenders who move from jurisdiction to jurisdiction." *Id*. at *10.

*Ambert* controls here. The district court erred in dismissing the indictment against Powers on the ground that SORNA exceeded Congress's authority under the Commerce Clause. Accordingly, we vacate the order of the district court and remand for reinstatement of the indictment.

**VACATED AND REMANDED.**