[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 13, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10228
Non-Argument Calendar

_____

D. C. Docket No. 08-60064-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

EDWARD MYERS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 13, 2009)

Before BIRCH, BLACK and HULL, Circuit Judges.

PER CURIAM:

The Government appeals the district court's order dismissing an indictment that charged Edward Myers with traveling in interstate commerce and failing to register as sex offender as required by the Sex Offender Registration and Notification Act (SORNA), in violation of 18 U.S.C. § 2250(a). The district court concluded that both § 2250 and SORNA's sex-offender registration requirements found in 42 U.S.C. § 16913 exceeded Congress's authority under the Commerce Clause. *United States v. Myers*, 591 F. Supp. 2d 1312, 1316 (S.D. Fla. 2008).

We recently upheld against a Commerce Clause challenge both the failure-to-register offense in 18 U.S.C. § 2250(a) and the registration requirements in 42 U.S.C. § 16913. *See United States v. Ambert*, 561 F.3d 1202, 1210-12 (11th Cir. 2009). Myers concedes that the district court's order dismissing the indictment is contrary to *Ambert* but challenges the reasoning of that panel's decision on appeal. We are bound by that decision unless overruled by the Supreme Court or this Court sitting *en banc*. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008).[1] Accordingly, we vacate the district court's order and remand for reinstatement of the indictment. *See United States v. Powers*, 562 F.3d 1342, 1344 (11th Cir. 2009).

**VACATED AND REMANDED.**

---

[1] We have denied Myers' petition for an initial hearing *en banc*.